**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

SEP 0 2 2026

HAROLD LAMPLEY,

Plaintiff,

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO; and EVERETT B. KELLEY, in his official capacity as National President of AFGE,

Defendants.

Case No. 6:26-cv-03552-MDH

Judge: ____________________

## PLAINTIFF'S MOTION FOR PROVISIONAL RESTRICTION OF ACCESS TO THE AUGUST 21, 2026 AWARD, SEPTEMBER 2, 2026 ADOPTION DECISION, AND DESIGNATED IMPLEMENTATION EXHIBITS

Plaintiff Harold Lampley respectfully requests a narrowly tailored, provisional restriction on public access to the complete August 21, 2026 Internal Disciplinary Trial Opinion and Award, the September 2, 2026 AFGE adoption decision, and designated exhibits reproducing non-public internal disciplinary and workplace implementation communications. Plaintiff does not seek to seal this action, conceal the legal issues presented, or prevent Defendants from receiving and using the complete record. He asks only that the Court avoid unnecessarily expanding public dissemination of contested disciplinary materials while his emergency request for temporary injunctive and non-dissemination relief is being considered.

### I. THE REQUEST IS NARROWLY DIRECTED TO THE COMPLETE DISCIPLINARY MATERIALS

The complete award and September 2 adoption decision are central to Plaintiff's Rule 65 application. They contain the findings on which AFGE imposed severe internal sanctions, including a three-year expulsion from membership, a five-year bar from AFGE and affiliate functions, suspension from elected and appointed positions, and the disputed statement that Plaintiff was "not competent" to continue in his role. Those materials are therefore necessary evidence, but their evidentiary importance does not require unrestricted publication of every non-public detail while the Court determines whether the underlying discipline should remain operative.

Plaintiff's request is limited to the complete unredacted award, the complete adoption decision, the September 2 workplace implementation communication, and other specifically designated internal disciplinary materials containing non-public details, personal contact information, or material whose broader publication would itself contribute to the injury addressed in the emergency motion. Plaintiff does not ask the Court to restrict the Verified

Complaint, the Emergency Motion, the Suggestions in Support, or the public legal arguments explaining why relief is requested. Those papers may remain available on the public docket.

## II. PUBLIC FILING OF THE COMPLETE MATERIALS WOULD EXPAND THE VERY DISSEMINATION AT ISSUE

AFGE has already transmitted the September 2 decision to members of the Local 2338 Executive Board, and Local President Kevin Ellis communicated the immediate disciplinary result to Department of Veterans Affairs personnel. Plaintiff relies on those communications as evidence that implementation and dissemination have already begun. At the same time, those limited transmissions do not establish that the complete disciplinary record has become generally public. Filing the complete materials without restriction on the federal docket could materially enlarge the audience and make the disputed findings available to persons who otherwise would have no legitimate reason to receive them.

That concern is particularly significant because Plaintiff's Rule 65 motion asks the Court to prevent further official dissemination and electoral use of the disputed discipline while review remains pending. Plaintiff should not be required, as the price of seeking judicial protection from further dissemination, to place the same complete disciplinary materials into unrestricted public circulation himself. A provisional restriction permits the Court to examine the evidence without causing the filing process to magnify the alleged injury.

## III. PROVISIONAL RESTRICTION WILL NOT IMPEDE PUBLIC ADJUDICATION OF THE LEGAL ISSUES

The Court can adjudicate the material legal questions on a public record. Plaintiff's public filings can identify the sanctions imposed, the relevant language of the award, the September 2 implementation, the FLRA communications, the governing AFGE provisions, and the statutory framework, including 5 U.S.C. § 7116(b)(1), (3), and (c), without publishing every page of the unredacted disciplinary materials. The requested restriction therefore distinguishes between public legal advocacy and the narrower category of complete sensitive exhibits.

Plaintiff will provide complete unredacted copies to the Court and Defendants through whatever restricted-filing procedure the Clerk or assigned judge directs. If the Court concludes that redacted public versions of particular exhibits are appropriate, Plaintiff is prepared to file versions that preserve the information necessary to understand the motion while removing personal contact information and other nonessential sensitive material.

## IV. REQUESTED RELIEF

For these reasons, Plaintiff respectfully requests that the Court provisionally restrict public access to the designated unredacted exhibits while the Court considers the emergency Rule 65 motion and the appropriate level of continuing access; permit public redacted versions where practicable; allow the Court and Defendants full access to the unredacted materials through the procedure directed by the Clerk or assigned judge; and grant such other narrowly tailored protection as is necessary to prevent the Court's filing process from unnecessarily expanding dissemination of the disputed disciplinary record.

Respectfully submitted,

Harold Lampley, Plaintiff, Pro Se
1705 Westway Dr.
West Plains, MO 65775
Phone: (580) 823-0373
Email: haroldlampley@gmail.com