unless all accounts due the Federation, including bargaining councils, from such locals are paid in full. Per capita tax and all other accounts due to the Federation, including bargaining councils, shall be paid in full 60 days prior to convening in order for a local to be entitled to representation or to vote in a district caucus. Locals and councils will be notified at least 120 days in advance of the Convention of any accounts due. The number of caucus delegates a local is entitled to is determined in the same manner as National Convention delegates under Article VI, Section 2. Councils shall not be permitted to send delegate(s) to the caucus. Full-time National Representatives and full-time paid employees of AFGE shall not be permitted to attend the caucus as delegates.

SEC. 2(e). Participation in all aspects of the of the caucus election process (notwithstanding the ability to campaign) require the member to be a duly elected delegate to the caucus from his or her local only and be in good standing.

SEC. 2(f). Standard credential forms must be sent in advance of caucuses to all locals in all districts by the NST for insertion of delegates' names and signatures for the local president and secretary or secretary-treasurer.

---

## ARTICLE IX
*Duties of the National President*

SECTION 1. The National President shall function as the Chief Executive Officer of the Federation and shall exercise supervision of the affairs of the Federation subject to the approval of the National Executive Council. It shall be the duty of the National President, in accordance with the mandates of the National Convention, to plan and pursue policies which will promote the welfare of the organization; keep the membership fully advised of his or her activities; preside at the triennial Convention and at the meetings of the NEC, unless a different officer is designated by a two-thirds vote of those present and voting; sign all official documents pertaining to his or her office; and travel under budget and general policies of the NEC.

SEC. 2. The National President shall call meetings of the NEC when necessary or when requested to do so in writing by a majority of the members of the NEC.

SEC. 3. The National President shall submit to the National Convention a triennial report of his or her activities.

SEC. 4. There may be employed in the office of the National President under his or her supervision a Director of Organization. The appointment or removal of the Director of Organization shall be recommended by the National President and approved by the NEC. Under the supervision of the National President, the Director of Organization shall be responsible for:

(a) Overall organization planning;
(b) Development of training plans and procedures for organizers;
(c) Conducting training conferences for organizers;
(d) Development of organizational material;

(e) Recommending the appointment of special organizers to carry on the function of the office of the Director of Organization;
(f) Coordinating with NVPs on organizational drives in their respective districts; and
(g) Other administrative duties as assigned by the National President.

SEC. 5(a). The National President shall be authorized and empowered, with the approval of the NEC, to place any council or local under trusteeship, and for safeguard and protection shall take immediate charge of all equities and properties, tangible or intangible, acquired and/or possessed by any such affiliate for the purpose of preventing corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of bargaining representation, restoring democratic procedures, or otherwise carrying out the legitimate objectives of the Federation. Restoring democratic procedures and carrying out legitimate objectives of the Federation include, but are not limited to, the following situations provided there is justifiable cause for such action.

(1) The affiliate cannot function autonomously because:
(i) There has been a drastic reduction in force or a temporary or permanent closing of an installation or subsection thereof affecting most members of the affiliate;
(ii) The number of members in the affiliate is small or widely distributed geographically or is unstable because of irregularities of employment in the bargaining units;
(iii) There has been an unexpected loss of leadership;
(iv) A newly established affiliate is in need of assistance because of inadequate treasuries, inexperienced officers, or difficulties encountered in getting organized;
(2) There is a failure of an affiliate's officers to properly manage the affiliate's affairs, resulting in financial mismanagement, such as insolvency or failure to meet its financial obligations, including payment of per capita tax;
(3) There is administrative mismanagement by the affiliate's officers including, but not limited to, a failure by them to carry out the policies of the Federation and/or the adoption of a constitution and bylaws at variance with those required by the Federation;
(4) There is actual or threatened secession of the affiliate from the Federation.

SEC. 5(b)(1). In all cases but secession from AFGE or confirmed loss of leadership, or where the local or council fails to agree to mediation, the National President shall be authorized and empowered with the approval of the NEC, to place any council or local under trusteeship only after the following procedures have been followed:

(1) Locals and Councils should be notified in writing when they are being considered for trusteeship. Before trusteeship can be implemented, training shall be offered within 30 days after being notified of trusteeship consideration. AFGE shall give AFGE Locals a 60- day opportunity period to improve before placement into trusteeship unless it pertains to financial theft or embezzlement of union funds.

(2) There will be mediation by a certified mediator, appointed by the National President and paid from the district in which the trusteeship is proposed. A council trusteeship will be paid

by the Office of the National President. After mediation and conciliation has been exhausted to resolve any conflict;

(3) The Federation should then review the documentation created during the period for resolution and provide a copy to the NEC;

(4) After the review the disputed local should be notified within 120 days of the proposed notice to place a local in trusteeship and the reason why;

(5) That the Federation allow the local a response period after notification (no more than 30 work days) to state why it should not be placed in trusteeship;

(6) The Federation should then send a decision letter either sustaining or revoking a proposed notice of trusteeship;

(7) This proposed notice should first be served upon the Executive Board by certified mail.

Prior to the imposition of trusteeship, the notice shall be sent by mail from the National Office to all members of the affiliate setting forth the reasons why the affiliate was placed in trusteeship. In all cases except secession or confirmed loss of leadership, all elected officers shall remain in office until after a decision from a fair and impartial hearing by the Federation. In all cases except secession or confirmed loss of leadership, the National President shall employ an independent arbitrator solicited from the AAA or another arbitration association. The selected arbitrator shall live in close proximity to the council or local where the hearing is being heard. The arbitrator shall have the authority to decide the trusteeship based on the standard of evidence used in the courts. The arbitrator shall conduct a hearing concerning the circumstances surrounding the trusteeship. The arbitrator shall be selected with consultation by the NVP having jurisdiction over the affiliate. The affiliate and the National President designee shall select the arbitrator from a seven-member list supplied by the AAA or other association.

Either party shall have three opportunities to strike from such list until there remains one arbitrator. This last arbitrator shall be selected to hear the case for trusteeship for the affiliate. If it is documented by certified return notice that the local or council will not participate in the selection of the arbitrator after certified notice, the National President shall contact and employ this arbitrator; the expense shall be borne by the district in which the trusteeship is proposed. For proposed council trusteeships, the cost will be paid by the Office of the National President.

The hearing normally shall commence within 60 days after the notice of trusteeship has been served upon the members of the affiliate. The reason for the establishment of the trusteeship will be fully explored through the testimony of witnesses. The arbitrator will rule on questions of evidence and testimony at the hearing.

Within 15 days, the National President will receive the record of hearing, along with the findings and the decision of the arbitrator. He or she shall render a written decision, either ratifying the establishment of the trusteeship if the preponderance of the charges are sustained, or rescinding the trusteeship if the decision is not sustained by a preponderance of the evidence. The National President shall not modify or change the decision of the arbitrator.

SEC. 5(b)(2). In cases of secession or confirmed loss of leadership, the imposition of trusteeship will be followed within 90 days by a report and recommendations by a three-member panel

appointed by the President. The panel may act on the basis of the written record, or may hold an on-site hearing, or may take evidence or argument by electronic means.

SEC. 5(b)(3). If the decision/report is for trusteeship, the National President will notify the affiliate; any member may appeal the decision in writing to the Labor Department or the next Convention. A copy shall be mailed by certified or registered mail to the National Secretary-Treasurer of the Federation, within 15 days after the National President has established the trusteeship.

The appeal will be processed under the regulations/guidance of the Labor Department. If the trusteeship is still sustained, the member of the affiliate can only appeal again that decision at the next Convention.

While an affiliate in the Federation is under trusteeship the trustee will ensure that the membership of the affiliate will be involved or participate by: allowing the membership's approval for all expenditures over $250; providing the membership a voice in setting policy; ensuring representation is given; and allowing the Bill of Rights to govern.

To safeguard and protect the affiliate's assets, the Federation will take immediate charge of all equities and properties, both tangible and intangible, acquired or possessed by the affiliate for the purpose of preventing corruption or financial malfeasance. The Federation will assure the performance of the collective bargaining agreement, restore the duties and responsibilities of the representatives and promote democratic procedures, and otherwise carry out the legitimate objectives of the Federation.

SEC. 5(b)(4). Expedited Trusteeship Process: In situations where there is: (1) a violation of law established by preponderant evidence gathered by AFGE or by local, state, or federal officials; (2) secession from AFGE; or (3) confirmed loss of leadership, the following shall apply:

SEC. 5(b)(5). The National President shall remove incumbent officers and give notice of the imposition of trusteeship to the membership of the local or the constituent locals of the council within five days, providing the time, date, and place of the trusteeship hearing. The National President shall appoint a three member trusteeship hearing panel. The hearing shall take place within 60 days in the vicinity of the local or council headquarters, with the exception of trusteeships imposed for chronic (three months) per capita tax delinquency which will be held in the National Office. Any affected member may appear at the hearing in person or by electronic means, and the hearing panel will receive testimony and documentary evidence from those attending or their representatives.

SEC. 5(b)(6). The hearing panel shall issue its decision within 30 days of the close of the hearing to ratify or rescind the trusteeship, and the National President shall notify the membership of the local or the constituent locals of the council. Any affected member may file an appeal within 15 days of notification to the National Secretary-Treasurer for appeal to the next AFGE National Convention.

SEC. 5(b)(7). The trusteeship shall end within 12 months.

SEC. 5(b)(8). The suspension of local officers by AFGE does not constitute loss of leadership for imposing trusteeship.

SEC. 5(c). The National President shall be authorized and empowered to revoke or suspend, with the approval of the NEC, the charter of any council or local when the National President has proof that such affiliate body has disbanded, has ceased to be beneficial to the Federation, is in such disarray that its continuation will be prejudicial to the objectives and best interests of the Federation, or when a local is delinquent in paying its monthly per capita tax, assessments or other indebtedness, as provided for in Article XXIV. Any member of the local or council whose charter is suspended or revoked under this subsection may challenge the action by mailing a written statement, setting forth the grounds for the challenge, to the National President within 15 days after the suspension or revocation. The National President will order a hearing on such challenge, and such hearing and appeal procedures will be conducted in accordance with the procedures set forth in Section 5(b) of this Article.

SEC. 5(d). The National President shall be authorized to suspend immediately, after an investigation is conducted and completed, any officer of an affiliate for serious misconduct, including but not limited to incompetence, negligence, or refusal to perform duties validly assigned, or any other offense, as described in Article XXIII, Section 2, where in his or her judgment the continuance in office of such officer would be inimical to the best interests of the Federation and its members. At the time of the suspension, the National President shall serve upon the suspended officer by registered or certified mail a written notice of the suspension stating in detail the charges against the officer, and he or she also shall mail a copy of such notice and charges to the president or highest remaining ranking officers of the local. No Local or Council officer will be suspended prior to completion of an investigation by an investigation committee. The committee of investigation has 45 days to complete their investigation. No action shall be taken against a Local officer by a National Vice President, the NEC or National President without due process. Such due process will be consistent with the provisions of Article XXIII, and the trial or hearing panel shall be composed of three members, at least one of whom shall be a Local President and the second an independent arbitrator chosen from a list of seven arbitrators provided by the FMCS. The National Office shall strike the first name followed by the charged officer, with both parties alternating until one name remains. A suspended national bargaining council officer will be tried by a trial committee composed of three members, one of whom shall be an arbitrator selected in accordance with Article XXI, Section 7, and of the others, who shall be appointed by the National President, one shall be a national council president. A suspended local officer shall be tried by a trial committee composed of at least three members or employees of the Federation appointed by the National President, or by an arbitrator selected by the National President. Such trials shall be conducted speedily but with reasonable time for the accused to prepare his or her defense. The procedures described in Article XXIII, Sections 4, 5 and 6 governing the conduct of hearings by local trial bodies shall be followed by the trial committee or arbitrator to assure the accused a full and fair hearing in accordance with the basic requisites of due process. The trial committee or arbitrator shall render a decision suspending the accused for a specific time from his or her office, removing him or her from the office, barring him or her from holding any office for a specified time, and/or suspending for a specified period of time, or removing him or her from membership, or finding him or her not guilty as accused. An officer suspended or removed from

office and/or membership shall have the appeal right as set forth in Article XXIII, Section 9, after decision by the trial committee or arbitrator.

The suspension or removal of an officer shall operate only to suspend the right of such person to occupy any office or position, or perform any of the functions thereof, but all other membership rights of such individual shall remain unaffected unless and until the trial committee renders a decision affecting his or her membership rights.

SEC. 5(e). Where the National President determines that the conditions within a local or council are such that a fair and impartial investigation and trial of charges against a member cannot be conducted by the local or council under the provisions of Article XXIII, Section 3, then in that event the National President may appoint a committee of investigation and/or a trial committee, such committees to be composed of at least three members. In lieu of a trial committee, the National President may select an arbitrator under existing Federal Mediation and Conciliation Service or American Arbitration Association procedures. The reasons used to determine the conditions in a local or council are such that a fair investigation and hearing cannot be conducted will be provided in the letter notifying the charged party of the establishment of a committee of investigation. In the case of a national council officer, the composition of the trial committee shall be consistent with Article XXI, Section 7. In no case will the committee of investigation and the trial committee be composed of the same members. All of the due process provisions in Sections 4, 5, and 6 of Article XXIII govern the trial before such trial committee. The findings and recommendations and decision of such trial committee or arbitrator shall be submitted to the National President. Within 15 days after the National President receives the transcript or minutes of the hearing and the findings and recommendation and decision of the trial committee or arbitrator, he or she shall render a written decision. The National President's decision may be appealed by the charged member to the NEC and to the National Convention in accordance with the procedures in Section 9 of Article XXIII. The deadlines set forth in Article XXIII which apply to Local and Council committees of investigation and trial committees, shall also apply to actions taken by the National President under Article IX, Section 5(e) with the understanding the schedule of an arbitrator will impact a trial time line. When the National President, the National Executive Council, or the National Vice President takes control of charges or files charges against a member, the National President, the National Executive Council, or the National Vice President’s operational budget will bear the total cost associated with the investigation and hearing and not bill the Local or Council. With a recommendation of the respective NVP, the National President may take control of the charges in question.

SEC. 5(f). When the National President prefers charges against a Local Officer per Article IX, Section 5(d), or intervenes in a Local or Council per Article IX, Section 5(e) an independent arbitrator will be selected to hear the case. The arbitrator will be chosen from a list of seven arbitrators provided by the FMCS. The National Office shall strike the first name followed by the charged officer, with both parties alternating until one name remains. Within 10 days after the National President suspends a Local Officer per Article 5(d) or intervenes per Article IX, Section 5(e), the National office will request a list of seven arbitrators from the FMCS.

SEC. 6. The National President shall furnish to the National Vice President for official district publications, and through the resident NVP to any council or local which is in good standing, a mailing list. These lists are for the exclusive use of exchanging publications or for the purpose of organizing.

SEC. 7. The National President, with the approval of the NEC, shall appoint a Budget Committee of not less than three members, one of whom shall be the NST. The duties of the Budget Committee shall be to estimate the revenue of the Federation, to present to the NEC for approval allocations of funds, and to make other recommendations related to the finances of the organization. The National President is authorized to appoint such committees and chairpersons thereof as may be necessary to serve during the Convention period, with the approval of the NEC present and voting.

SEC. 8. The National President may discharge employees other than elected officers only for just cause. If a discharged employee is covered by a collective bargaining agreement or contract, he or she shall have such grievance rights as are provided in that agreement. The NEC shall establish a grievance procedure for all other full-time employees not covered by contract.

SEC. 9. The National President, with the advice and consent of the NEC, shall retain a certified accountant to audit the accounts of the NST immediately following the close of each fiscal year and at such other times as the National President or NEC shall deem necessary. Copies of the annual audit reports shall be furnished to members of the NEC and upon request to any local. Copies of the certified balance sheets and revenue and expense statements from the annual audit reports covering the three immediately prior fiscal years shall be furnished to the presidents of the constituent locals of the Federation at least thirty days prior to the triennial Convention.

SEC. 10. The National President may delegate the authority to exclusively recognized national councils:

(a) To meet and confer with agency/activity management for the purpose of entering into negotiated agreements;
(b) To represent members of the recognized bargaining unit on all subjects, matters, and issues embraced by said agreements; and
(c) To administer all collective bargaining agreements entered into and between the parties.

SEC. 11. If the National President for any valid reason, such as ill health, is unable to perform his or her duties for any substantial period of time, he or she shall designate in writing that the NST is to perform his or her duties. Such notice will be served upon the NEC. This designation may be revoked at the discretion of the National President. Vacancies in the office of the National President which occur between Conventions shall be filled by the NST. The office of the NST then shall be filled by a majority vote of the National Executive Council.

---

## ARTICLE X
*Duties of the National Secretary-Treasurer*

SECTION 1. It shall be the duty of the National Secretary-Treasurer to have custody of and properly maintain the papers and other documents and effects of the National Office; conduct the correspondence pertaining to his or her office; receive and receipt for all monies; convene and act as NST at the triennial Convention, and travel under the budget and general policies of the NEC.

SEC. 2. The NST, with the approval of the National President and under the policy established by the NEC, shall invest any surplus funds of the Federation in sound securities or deposit them in

## ARTICLE XXII
*Duties of Council President*

SECTION 1. The council presidents shall exercise general supervision over the affairs of their respective councils.

SEC. 2. The council president shall comply with the National and council Constitution. Further, the council president shall keep the membership apprised of the goals and objectives of the Federation.

---

## ARTICLE XXIII
*Offenses, Trials, Penalties, Appeals*

SECTION 1. Except as provided for under the powers of the National President in Article IX, Section 5, the local in which an individual member holds membership is the court of original jurisdiction for trial of charges against the local's members and officers, unless the charges arise out of or result from an individual's conduct or status as a council officer on matters concerning council operations, in which case the council has original jurisdiction for trial of such charges. The due process provisions of Article XXIII shall govern at the council level when a council officer is charged and tried in his or her capacity as a council officer. Members of the Federation, including officers, agents, and representatives of locals or councils, shall be tried for any of the offenses listed in Section 2 hereof. No charges will be preferred against a member prior to the establishment of a committee of investigation and the completion of the investigation regardless of the charges being preferred at the local level or preferred by the National President, National Executive Council or controlling National Vice President. The Committee of Investigation's findings will be provided to the charged party with the notice of charges being preferred. The notice of charges being preferred will include the evidence that will be presented at hearing. No documents or evidence not provided with the notice of preferring charges will be allowed. For charges being preferred by the National President, National Executive Council or controlling National Vice President a copy of the case file submitted to the National Office will also be included.

SEC. 2. Charges may be preferred for conduct detrimental or inimical to the best interests of the Federation. Offenses against this Federation include the following:

(a) Advocating, encouraging, or attempting to bring about a secession from the Federation of any local or of any member or group of members. The conflict resolution program is not available. Penalty for conviction under this subsection shall be expulsion;
(b) Working in the interest of or becoming a member of the Communist Party or any other organization which advocates the overthrow of the democratic form of government under which our members live. The conflict resolution program is not available. Penalty for conviction under this subsection shall be expulsion;
(c) Violation of any provision of this Constitution or the constitution and bylaws of the local to which a member belongs;
(d) Making known the business of any affiliate of the Federation to management officials of any agency or other persons not entitled to such knowledge;
(e) Engaging in gross neglect of duty or conduct constituting misfeasance or malfeasance in

office as an officer or representative of a local. The conflict resolution program is not available after the committee of investigation has preferred charges;

(f) Incompetence, negligence, or insubordination in the performance of official duties by officers or representatives of a local or council or failure or refusal to perform duties validly assigned;

(g) Committing any act of fraud, embezzlement, mismanagement, or appropriating to one's own use any money, property, or thing of value belonging to the Federation or any affiliate. The conflict resolution program is not available after the committee of investigation has preferred charges;

(h)Refusing, failing, or neglecting to deliver at specified periods or on demand, in accordance with this Constitution or the constitution and bylaws of the local or council to which a member belongs, a full and accurate account of all monies, properties, books, and records for examination and audit;

(i) Assisting, counseling, or aiding any member or officer of the Federation or any of its affiliates to commit any of the offenses herein set forth; and/or

(j) Bullying, harassment and/or discrimination on the basis of race, color, religion, national origin, sex, age, disability, status as a covered veteran in accordance with federal laws, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, matriculation, political affiliation, or retaliation for participation in the complaint process concerning such discrimination.

(k) Intentional election campaign violations.

SEC. 3. Charges may be preferred by the National President, the National Executive Council, the National Vice President having jurisdiction over the local of which the accused is a member, or by a committee of investigation of the local. Any member may request conflict resolution or bring charges by first filing them with the local of which the accused is a member, and the charges shall be investigated by a committee of investigation appointed by the local president or by the majority of the local Executive Board if the local president is being accused. If it is the local president who brings charges against a member, then the local Executive Board shall appoint a committee of investigation. If a member of the local Executive Board is the accused member, he or she may not vote in the selection of the committee of investigation. No member of the Executive Board may serve on the committee of investigation. The local committee of investigation shall conduct and complete the investigation within 120 days of the filing of charges. If the committee of investigation finds probable cause and cannot settle the matter informally or through the conflict resolution process, it shall prefer charges upon the accused. Such charges shall be in writing and shall be served upon the accused by registered or certified mail at his or her last known address and the local of which the accused is a member also shall be served at its office or address of its highest ranking officer. The charges shall contain an allegation of the facts describing the nature of the offenses charged.

SEC. 4. The trial shall be conducted either (a) by all of the eligible members of the local’s Executive Board or (b) by a trial committee elected by the membership and composed of not less than three nor more than seven members of the local. In any event, no member of a local union shall be eligible to serve on the board or trial committee for the hearing of charges under this Article if he or she is directly or indirectly involved in the matter which gave rise to the charges upon which the accused is to be tried. In no case will the committee of investigation and the trial committee be composed of any of the same members. The trial committee shall be elected by the membership of the local at the next regular meeting after the charges have been preferred or at a

special meeting called for that purpose to be held not less than five days after a copy of the charges has been filed with the local. The body hearing the trial shall select from among themselves a presiding officer and a secretary and fix the time and place of the trial. The presiding officer shall notify the accused and those who preferred the charges by registered or certified mail of the time and place of trial, and such trial shall be held promptly but shall not be held less than two weeks after the mailing of the notice so as to insure the accused of a reasonable time to prepare his or her defense, nor more than 180 days after the preferring of charges, so as to insure a prompt trial. The conflict resolution program is not available after the trial commences.

SEC. 5. All parties shall be given full opportunity to present all relevant evidence and exhibits which they deem necessary to the proper presentation of their case and shall be entitled to cross-examine witnesses of the other party or parties. The accused shall have the privilege of being represented by representatives of his or her choice, except by a member of the trial committee or a member of the Executive Board when it is acting as a trial board or a representative of another labor organization.

At the discretion of the local union a verbatim transcript of the trial proceedings may be taken. For the purpose of creating an official record of the hearing conducted by the trial body, a verbatim transcript also shall mean a tape recording. In the event no verbatim transcript is made, the secretary of the trial body shall reduce the minutes of the trial to writing and include therein the substance of the testimony and all exhibits submitted at the trial. The secretary also shall furnish to each party a copy of the transcript or minutes, as the case may be, and each party within ten days after receiving said transcript or minutes shall submit to the secretary in writing any objections thereto. The record thus made shall constitute the record of the trial for the purpose of appeal, and in the event any party fails to attest to the correctness of the record or to file objections to the correctness of the record within the time limit prescribed herein, the transcript or minutes furnished by the secretary of the trial committee for the purpose of appeal shall be deemed to be a correct record of the trial procedure and of the evidence presented. All matters relating to the procedure of the trial not otherwise specified in this Section shall be determined by the trial body, and all parties and their respective counsel shall comply with all orders and directions of the trial body with respect to such matters. No member of the board or trial committee who absents him or her self from any session of a trial may participate in findings, decisions, or recommendations of the board or trial committee or file any concurring or dissenting opinion.

SEC. 6. Should the accused fail, refuse, or neglect to appear for trial after due notice, or after appearing refuse to comply with orders or directions of the trial committee relating to the conduct of the trial or otherwise attempt to obstruct or thwart the trial committee in its conduct of the trial, the trial committee shall proceed with the trial in the absence of the accused, hear such evidence as may be presented by witnesses who respond to notice, and render its findings, recommendation, and decision. However, the accused shall not be deprived of the privilege of being represented by a representative of his or her choice.

SEC. 7. At the next regular meeting of the local following the conclusion of the trial, as the first order of business, the trial body shall read the sustained charges against the accused. At that time

the accused or representative may make a statement on his or her behalf to the membership. The trial body then shall submit to the local in writing and read its findings of the facts, decisions, and recommendations. The accused shall retire from the room when the vote of the membership is taken. The members of the local there assembled shall vote without debate solely on the question of whether to accept or reject the decision and recommendations of the trial body. The local by a majority vote of its members voting may fine, suspend, or expel the accused from its membership or suspend or remove the accused from any local offices which the accused may hold. No further trial shall be had on the same charges except for violation of the procedures described by the Constitution or of procedural due process, and then only if desired by a decision on appeal.

SEC. 8. The accused and those who preferred the charges shall be notified by registered or certified mail of the decision of the local. The notice to the accused shall be mailed to the last known address and shall advise the accused of available appeal rights. Any adverse decision against the accused shall remain in effect pending final appeal.

SEC. 9. Any officer or member fined, suspended, or expelled from membership or suspended or removed from office by a vote of his or her local may appeal such decision to the NEC, provided such appeal is filed in writing with the NST within 15 days after the officer or member is notified of the decision of the local. The NEC shall consider the appeal at its next regularly scheduled meeting or at a special meeting called for that purpose by the National President or two-thirds of the NEC. The NEC shall review the case and affirm or reverse the decision, reduce the penalty, or return the case to the local for a new trial before a different trial committee. If the decision of the NEC should affirm any adverse action taken against the appellant by the local, the appellant may further appeal to the next National Convention.

SEC. 10. All provisions relating to the trial procedures and appeals in local constitutions and bylaws must comply with the Rules and Regulations of the Assistant Secretary of Labor for Labor-Management Standards implementing Public Law 95-454, Standards of Conduct for Labor Organizations. This Article supersedes any provisions in local constitutions and bylaws which do not meet the basic democratic procedures prescribed in this Article.

---

## ARTICLE XXIV
### *Revenues*

SECTION 1(a). THE REVENUES OF THE FEDERATION shall be obtained as follows:

(1) Regular Locals
Effective January 1, 2025, the per capita tax is $21.41 per member per month; Effective January 1, 2026, the per capita tax is $21.91 per member per month; Effective January 1, 2027, the per capita tax is $22.41 per member per month. Effective January 1, 2016, the per capita tax for retired members is $1.50 per member per month; and the per capita tax for retired members will be raised by the exact amount required to cover the affiliation fees for the AFL-CIO retiree program.

(2) Insured Locals
Effective January 1, 2025, the per capita tax is $22.46 per member per month for insured