**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

HAROLD LAMPLEY,

Plaintiff,

v.

EVERETT KELLEY, in his official capacity as National President of the American Federation of Government Employees; KEVIN ELLIS, in his official capacity; and AFL-CIO,

Defendants.

Case No. 6:26-cv-03552-MDH

Senior District Judge M. Douglas Harpool

**PLAINTIFF'S SUPPLEMENTAL NOTICE OF RULE 65 NOTICE AND SERVICE DEVELOPMENTS AND REQUEST FOR PROMPT DETERMINATION OF PENDING EMERGENCY MOTION (DOC. 2)**

Plaintiff Harold Lampley, proceeding pro se, submits this Supplemental Notice concerning his pending Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). Since filing that motion on September 2, 2026, Plaintiff has transmitted copies of the federal-court papers to the adverse side, pursued delivery of the summons and complaint, and filed the resulting service-related materials at Documents 16 through 18. The Court's stated September 16 and September 18 deadlines for suggestions in opposition to Documents 2, 5 and 13 has also passed. Plaintiff brings these subsequent procedural developments to the Court's attention and respectfully requests prompt consideration of the emergency motion on the record already submitted or, if the Court considers further notice or proceedings necessary, an expedited procedure for resolving that motion before the approaching union nomination date.

This Notice is not a second application for injunctive relief, an amendment or supplement to the pleadings under Rule 15, or a request to enlarge the relief sought in Document 2. Plaintiff's previously filed motion for leave to amend the complaint and withdraw the Ellis summons request (Doc. 13) remains a separate, pending matter; Plaintiff neither renews that request nor asks the Court to treat the proposed amended complaint as the operative pleading through this filing. However, the motion for leave to amend the complaint and withdraw the Ellis summons request was included within the certified mailing and sent via email.

## I. THE PENDING EMERGENCY MOTION AND SUBSEQUENT PROCEDURAL RECORD

Plaintiff filed Document 2 on September 2, 2026, together with supporting suggestions (Doc. 3) and a declaration (Doc. 4). The exhibits and additional supporting materials were submitted in Documents 6 through 12. The emergency motion expressly seeks both a temporary restraining order and preliminary injunctive relief concerning AFGE National President Everett B. Kelley's September 2 adoption and immediate implementation of the August 21 disciplinary award. Plaintiff requests interim protection of his pre-decision union membership, elected-office status, representational functions, and eligibility for the Local 2338 nomination process, while reserving the merits for further proceedings. See Docs. 2–4, 6–12.

The docket entry for Documents 2 and 5 established September 16, 2026, as the date for suggestions in opposition or response unless otherwise directed by the Court. Likewise, the Court has imposed a deadline of September 18, 2026, for Document 13. According to the PACER docket report reviewed by Plaintiff on September 21, 2026, no opposition to Document 2, 5, and 13, a request for an extension of that response date, or order disposing of the emergency motion appeared on the docket. The absence of a filed entry of appearance or opposition is relevant here because the Court can now assess what further, if any, notice or response is needed in light of the developed record, rather than await the ordinary docketed opposition period without a defined end point.

## II. PLAINTIFF DOCUMENTED NOTICE EFFORTS WHILE CONTINUING TO PURSUE FORMAL SERVICE

The Court issued summonses addressed to Kelley and Ellis on September 4, 2026. On September 10, Plaintiff emailed Kelley and AFGE Associate General Counsel Rachel Steber a courtesy packet containing the summons, complaint, and the pending emergency motion. He separately emailed a court-paper packet to Ellis at the addresses identified in the correspondence; Kelley and Steber were among the recipients of that transmission. The packet transmitted to Ellis also included Document 2. These transmissions are documented efforts to notify the persons to whom they were addressed of the lawsuit and the specific emergency relief sought. Plaintiff does not contend that the act of sending an email, standing alone, proves that each recipient opened its attachments or constitutes service of the summons and complaint under Rule 4. See Doc. 17 and its courtesy-copy attachments.

Plaintiff also employed certified mail and other trackable delivery methods and submitted the resulting documentation to the Court. The September 12 return of service, entered September 14 as Document 16, relates to the summons and complaint addressed to Ellis; the delivery record identifies receipt at the VA facility on September 11. The September 16 return, entered September 17 as Document 18, relates to the summons and complaint addressed to Kelley and includes correspondence about the continued efforts to deliver the papers to Ellis. The records reflect delivery of the mailing addressed to Kelley at AFGE's Washington, D.C., address on September 15, with a receipt signed by a person identified as "Jonathan." The Ellis materials include a delivery confirmation signed by a person at the VA facility and subsequent

correspondence reporting that Ellis declined to accept the package. A VA Police supervisor subsequently advised that the department would not undertake service of civil process. Additionally, the same VA Police Supervisor that sent the Plaintiff an email with the response of not undertaking service of civil process, copied the Human Resources Manager and the Chief of the Business Office on said email.

Plaintiff asks the Court to consider the actual returns, tracking materials, and correspondence filed at Documents 16 through 18 as providing proper notice as it relates to this request for a Temporary Restraining order. Certified mail is a recognized means of effecting formal service of process when the applicable legal requirements are met. Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by a method authorized under the law of the state where the district court sits or where service is made. For service undertaken in the District of Columbia, D.C. Superior Court Civil Rule 4(c)(4) expressly authorizes registered or certified mail, return receipt requested, while Rule 4(l)(1)(B) identifies the proof required for service by that method, including additional facts where the receipt is signed by someone other than the named defendant. Missouri Rule 54.16 separately recognizes service by mail through its prescribed notice-and-acknowledgment procedure. The legal significance of Plaintiff's certified-mail deliveries must therefore be assessed under the applicable service method and the supporting proof; they should not be disregarded as incapable of constituting service simply because they were mailed. Plaintiff respectfully asks the Court to consider the filed returns and delivery records both as evidence relevant to formal service and as independent evidence of the efforts made to provide notice of the emergency application.

On September 14, Plaintiff also sent the proposed order relating to Document 2 to the Courtroom Deputy in accordance with Local Rule 7.0(f), copying Kelley, Ellis, AFGE General Counsel Rushab Sanghvi, and Associate General Counsel Steber. His message expressly identified the pending emergency motion and its docket number. The Courtroom Deputy acknowledged receipt on September 15. Plaintiff cites that exchange only as further notice of the pending application and of the proposed order; the acknowledgment was not a ruling on the motion or a judicial determination concerning service.

## III. RULE 65 PERMITS CONSIDERATION OF EMERGENCY RELIEF WITHOUT REQUIRING A PRIOR ADJUDICATION OF EVERY RULE 4 SERVICE QUESTION

Rule 65(a)(1) permits a preliminary injunction "only on notice to the adverse party." Rule 65(b)(1) separately provides for a temporary restraining order without notice in narrowly defined circumstances upon the particularized evidentiary showing and written notice-efforts certification prescribed by that rule. Fed. R. Civ. P. 65(a)(1), (b)(1). The Supreme Court has explained that the notice necessary for preliminary injunctive relief must afford an adverse party a meaningful opportunity to prepare and present opposition, a protection that is distinct from the more limited notice appropriate to certain short-lived emergency orders. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 432–34 & n.7 (1974).

The Eighth Circuit applied that principle in Tumey v. Mycroft AI, Inc., 27 F.4th 657, 665–66 (8th Cir. 2022), expressing serious concern where a temporary-restraining-order request became a preliminary-injunction proceeding on approximately one hour's notice, and separately concluding that the record did not support the injunction. Plaintiff does not seek that result here. Document 2 identified both forms of relief from the outset; the materials transmitted on September 10 included the pending emergency application; and Plaintiff's later correspondence expressly identified the motion and proposed order. Whether this record establishes adequate notice to each party for each requested form of relief remains for the Court to determine. If the Court concludes that a defendant requires additional time or a targeted hearing before a preliminary injunction may issue, Plaintiff requests a Temporary Restraining Order entered and then an expedited and prompt briefing schedule.

Two federal appellate decisions have expressly distinguished Rule 65 notice from perfected Rule 4 service in this context. In H-D Michigan, LLC v. Hellenic Duty Free Shops S.A., 694 F.3d 827, 842 (7th Cir. 2012), the Seventh Circuit rejected the contention that a district court was categorically unable to issue a temporary restraining order before formal service where the defendant and its counsel had actual notice of the TRO hearing and chose not to participate. In Whirlpool Corp. v. Shenzhen Sanlida Electrical Technology Co., 80 F.4th 536, 542–43 (5th Cir. 2023), the Fifth Circuit held that Rule 65(a)(1) requires notice rather than completed service of process in circumstances where the defendant had notice and participated in the preliminary-injunction proceeding. These decisions are persuasive, not controlling Eighth Circuit authority, and the opportunities to participate in those cases were more clearly established than the present record may establish as to every defendant.

The Plaintiff maintains that the certified-mail records are relevant to formal service under the applicable rules and independently demonstrate affirmative efforts to notify the adverse side of the emergency application. Therefore, the Plaintiff respectfully requests a prompt decision on the requested temporary relief, or an expedited direction identifying any additional service, notice, response, or hearing the Court concludes is necessary.

## IV. THE FIXED NOMINATION DATE WARRANTS AN EXPEDITED PROCEDURAL DETERMINATION

The urgency described in the original motion remains tied to a concrete event. The September 2 adoption decision states that the disciplinary penalties were effective immediately; AFGE counsel transmitted the decision to the Local 2338 Executive Board, and Ellis notified VA personnel of Plaintiff's asserted expulsion and removal. Plaintiff's supporting materials identify a date on or around October 26, 2026, as the Local's nomination date and November 23, 2026, as the election date. See Docs. 2–4; Exs. M, O–Q. Plaintiff submits that a ruling entered only after the nomination opportunity has passed may not restore precisely the same opportunity to stand for nomination, seek office, and serve the members who elected him. This timing warrants a prompt decision on interim relief; it does not relieve Plaintiff of the obligation to establish the governing elements. Additionally, to support the record is that the Federal

Labor Relations Authority (FLRA) has already conducted a federal investigated into these matters and determined that the charges should've been immediately rescinded but Kelley and Ellis refused to move forward with rescinding the Labor Organization's internal disciplinary charges. Kelley's adoption of the Arbitrator's decision further violated federal law.

Plaintiff relies on the original emergency motion, supporting suggestions, declaration, and docketed exhibits for his showing under Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc). Those existing merits presentation includes his asserted rights under Title I of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411(a)(5) and 412, and the disciplinary action undertaken by AFGE National. Wildberger v. American Federation of Government Employees, 86 F.3d 1188, 1192–93 (D.C. Cir. 1996), addresses Title I's application to discipline imposed by AFGE National upon a member of an exclusively federal-sector local. Plaintiff cites that decision only to identify the existing legal theory underlying the pending motion; he does not use this procedural notice to retry the disciplinary charges, establish a violation without proof, or seek adjudication of pending FLRA charges. The Eighth Circuit's decision in Reed v. Sturdivant, 176 F.3d 1051, 1053 & n.2 (8th Cir. 1999), concerned a different issue of Title III trusteeship coverage, not the disciplinary claim raised here.

Next, the Court may determine a written motion without oral argument under Local Rule 7.0(b), and Plaintiff has already submitted his proposed order by the procedure contemplated in Local Rule 7.0(f). If the Court concludes that the papers and notice are sufficient, Plaintiff requests prompt adjudication of the temporary-restraining-order component of Document 2 on the present record. If additional notice, a response, or a hearing is necessary, Plaintiff requests that the Court set the shortest practicable schedule consistent with the adverse parties' right to be heard and the October 26 nomination date. The duration, scope, security, and any further preliminary-injunction proceedings remain matters for the Court to determine under Rule 65 and the existing motion.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court consider the certified-mail returns, delivery confirmations, correspondence, and other post-filing materials reflected in Documents 16 through 18 both for their significance under applicable Rule 4 service methods and for the notice of the emergency application they document; consider the previously filed emergency motion and supporting record; and rule promptly on Document 2 without treating the need to resolve every disputed service issue as an automatic bar to considering temporary relief under Rule 65. Alternatively, if the Court determines that additional proof of service, notice, briefing, or a hearing is necessary before temporary or preliminary relief may issue, Plaintiff requests an expedited procedure permitting a meaningful determination before the October 26, 2026 nomination date.

Respectfully submitted,

Harold Lampley

Digitally signed by Harold Lampley
Date: 2026.09.21 07:33:20 -05'00'

1705 Westway Drive, West Plains, Missouri 65775
Telephone: (580) 823-0373 | Email: haroldlampley@gmail.com

Dated: September 21, 2026